[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10515
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 8, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:05-cr-00479-WCO-AJB-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CEDRIC LAMAR JACKSON,
a.k.a. Detroit,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 8, 2012)

Before CARNES, WILSON and BLACK, Circuit Judges.

PER CURIAM:

In 2008, Cedric Lamar Jackson was sentenced to five years' incarceration and three years' supervised release after he pled guilty to conspiracy to commit several sex trafficking offenses. Jackson now appeals his 24-month sentence following the revocation of his supervised release pursuant to 18 U.S.C. § 3583(e)(3). He argues his sentence is substantively unreasonable. Upon careful review of the record and the parties' briefs, we affirm.

We review the reasonableness of a sentence under a deferential abuse of discretion standard. *Gall v. United States*, 128 S. Ct. 586, 591 (2007). The party challenging the sentence has the burden of establishing it is unreasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). We will reverse only if left with the "definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*), *cert. denied*, 131 S. Ct. 1813 (2011).

Upon determining a defendant violated a condition of supervised release, the district court may revoke the term of supervision and impose imprisonment after considering the § 3553(a) factors. 18 U.S.C. § 3583(e). If the district court decides a sentence outside of the Guidelines range is warranted, it must consider

2

the extent of the deviation and ensure that the § 3553(a) factors, as a whole, justify the degree of the variance. *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008).

Jackson has not met his burden of establishing the district court abused its discretion. The court properly considered the § 3553(a) factors, and disagreed with Jackson's characterization of his violations as "technical." The court concluded Jackson had been unable to adjust to free society and that he posed a threat to others, based on both his recent behavior and his past criminal history. The court's conclusions were adequately supported by Jackson's own admissions to the court and to his probation officers, by his presentence investigation report, and by the testimony presented during his sentencing hearing. Accordingly, Jackson's 24-month sentence—the statutory maximum—was not outside the range of reasonable sentences dictated by the facts of the case. *See Irey*, 612 F.3d at 1190.

**AFFIRMED.**